E.D.N.Y. - Bklyn
09-md-2023
Cogan, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of August, two thousand thirteen.

Present:
>    Rosemary S. Pooler,
>    Gerard E. Lynch,
>    Raymond J. Lohier, Jr.,
>         *Circuit Judges*.

In re: Bayer Corp. Combination Aspirin Products
Marketing and Sales Practices Litigation

Nin Goldberg, *et al.*,

>    *Plaintiffs-Appellees*,

>    v.                                                          13-1928(L)
>                                                                13-1939(con)

Bayer Healthcare LLC, *et al.*,

>    *Defendants-Appellees*,

>    v.

Shelley Stevens, Janis Johnson,

>    *Objectors - Appellants*.

Plaintiffs-Appellees, through class counsel, move to dismiss the appeals docketed at 13-1928 and 13-1939. Upon due consideration, it is hereby ORDERED that the motion is GRANTED and the appeals are DISMISSED. We lack jurisdiction to consider appellants' challenge to the Class's motion for attorneys' fees, as the district court has not yet ruled on the motion and there is not yet any final order to appeal from. *See Swede v. Rochester Carpenters Pension Fund*, 467 F.3d 216, 219 (noting that this Court lacks jurisdiction to hear an appeal "unless the decision is, or is embodied in, an order or judgment that is 'final' within the meaning of 28 U.S.C. § 1291" (internal quotation marks omitted)). Appellants' challenge to the district court's approval of the amended settlement agreement is dismissed as lacking an arguable basis in fact or law, as appellants forfeited their right to seek review of the agreement when they failed to object to the amended settlement agreement in district court. *See Wal–Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005). Appellants' objections to the original proposed settlement agreement were insufficient to preserve their objections, as the original proposed agreement was substantially modified in response to those objections, and the district court's orders made clear that objections to the amended agreement had to be submitted in advance of the fairness hearing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk